FILED
Nov 28, 2018
08:01 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| JAMES K. BLAKNEY, | ) | Docket No: 2017-08-1430 |
| Employee, | ) | |
| v. | ) | State File No: 68032-2016 |
| YRC, INC., | ) | |
| Employer, | ) | Judge Dale Tipps |
| And | ) | |
| OLD REPUBLIC INS. CO., | ) | |
| Carrier. | ) | |

## COMPENSATION HEARING ORDER

This matter came before the Court on November 20, 2018, for a Compensation Hearing. The central legal issues are: (1) whether Mr. Blakney suffered a compensable injury arising primarily out of and in the course and scope of his employment; and (2) if so, whether he is entitled to permanent partial disability benefits, temporary disability benefits, and future medical treatment. For the reasons below, this Court holds that Mr. Blakney failed to establish by a preponderance of the evidence that he sustained an injury primarily arising out of and in the course and scope of his employment. Accordingly, the Court holds that he is not entitled to the requested benefits.

### History of Claim

Mr. Blakney testified that he injured his right knee while driving a truck for YRC on August 27, 2016. YRC provided medical treatment, including surgery, with Dr. Kenneth Weiss, who released Mr. Blakney to return to work. Mr. Blakney returned to work for YRC almost two years ago, but he continues to have pain in his right knee, as well as difficulty walking and running.

When the parties were unable to agree on a settlement of this claim, YRC filed a Petition for Benefit Determination and requested a Scheduling Hearing. Mr. Blakney did

1

not appear for that hearing[1] and did not file any medical records, witness and exhibit lists, or prehearing statement as required by the Scheduling Order. He also failed to attend and participate in the Court-ordered post-discovery mediation. At the Compensation Hearing, neither party introduced medical records, deposition testimony, or C32 Medical Reports into evidence.

Mr. Blakney contended at the hearing that he hurt himself on the job and needs additional medical treatment.

YRC countered that, even though it properly provided benefits to Mr. Blakney, it is not responsible for further medical treatment or permanent disability benefits. It argued that, because Mr. Blakney submitted no medical opinions establishing causation, he has not met his burden of establishing that his injuries arose primarily out of and in the course and scope of his work.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Mr. Blakney has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

Mr. Blakney's burden includes proving that his injury arose primarily out of and in the course and scope of the employment. To meet this burden, he must show his injury was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Further, he must show, "to a reasonable degree of medical certainty that [the work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14).

Applying these principles to the facts of this case, the Court cannot find that Mr.

---

[1] Mr. Blakney explained that he failed to appear for the telephonic Show Cause and Scheduling Hearings because he was waiting for someone to call him. The Court recognizes that, even though the docketing notices clearly stated that participants must call in to the hearing, this process can be confusing for self-represented litigants. However, it does not appear that Mr. Blakney made any effort to contact the Court after missing these hearings. Had he done so, he would have learned how to participate and would likely have been able to reschedule.

Blakney met this burden. As noted above, he introduced no medical reports, opinions, or testimony. Without this evidence, Mr. Blakney cannot prove "to a reasonable degree of medical certainty" that his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

Therefore, this Court concludes that Mr. Blakney failed to establish by a preponderance of the evidence that he sustained a compensable injury arising primarily out of and in the course and scope of his employment with YRC.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Blakney's claim against YRC, Inc. and its workers' compensation carrier is dismissed with prejudice against its refiling.

2. Costs of $150.00 are assessed against YRC, Inc. under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2018), to be paid to the Court Clerk within five days of this order becoming final.

3. YRC, Inc., shall prepare and file a statistical data form (SD2) within ten business days of the date of this order under Tennessee Code Annotated section 50-6-244 (2018).

4. Absent an appeal, this Order shall become final in thirty days.

**ENTERED this the 28th day of November, 2018.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:

1. Petition for Benefit Determination
2. Show Cause Order
3. Scheduling Order
4. Post-Discovery Dispute Certification Notice

3

5.  YRC's Exhibit and Witness Lists
6.  YRC's Pretrial Position Statement

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of November, 2018.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| James Blakney, Employee | X | X | BLAKNEY_JAMES@YAHOO.COM |
| Stephen K. Heard, Employer's Attorney | | X | SKHEARD@CCLAWTN.COM |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___ .

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address: http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | |
|---|---|
| Groceries $ _____ per month | Telephone $ _____ per month |
| Electricity $ _____ per month | School Supplies $ _____ per month |
| Water $ _____ per month | Clothing $ _____ per month |
| Gas $ _____ per month | Child Care $ _____ per month |
| Transportation $ _____ per month | Child Support $ _____ per month |
| Car $ _____ per month | |
| Other $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20 _____.

_____

NOTARY PUBLIC

My Commission Expires: _____